UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

WHITAKER, *et al.*,

Defendants.

Case No. 24-cv-11270
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

---

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (ECF NO. 48)
AND STRIKING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 46)**

---

Plaintiff Gregory Hardy has made another improper filing seeking to amend his complaint. ECF No. 46.[1] In an order striking Hardy's improper motion for leave to file a second amended complaint, the Court gave him leave to refile a compliant motion by November 8, 2024. ECF No. 43. On October 30, Hardy filed another deficient motion, which the Court again struck. ECF No. 44; ECF No. 45. Hardy has filed an amended complaint, which again does not adhere to the local rules or the Court's orders. ECF

---

[1] The Honorable Thomas L. Ludington referred the case for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 10.

No. 46.  Defendants move to strike the filing.  ECF No. 48.  The Court **GRANTS** Defendants' motion and **STRIKES** Hardy's filing.

Hardy's latest filing purports to contain a proposed amended complaint and a brief in support of those amendments.  ECF No. 46.  But the entire filing comprises the proposed amended complaint, as the "brief" section asserts a First Amendment retaliation claim not included in the "amended complaint" section.  *See id.*, PageID.270-272.  Thus, Hardy has again filed an unauthorized amended complaint without first seeking leave to amend.

The filing is also not an all-inclusive complaint and suggests that Hardy intended to supplement his operative complaint.  For example, Hardy does not rename the original individual defendants, instead referring to them collectively as the Genesee County Sheriff deputies.  *Id.*, PageID.266.  And Hardy requests that a First Amendment retaliation claim be "added" to his operative complaint.  *Id.*, PageID.272.

Federal Rule of Civil Procedure 15(d) permits a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  That is, a plaintiff may "update his complaint to add allegations of later events relating to his original complaint."  *Cage v. Henry*, No. 1:09-cv-512, 2010

WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010).  Hardy's new allegations

concern the same events described in his operative complaint, not later

events.  Thus, he must seek leave to file an amended complaint that would

replace the earlier pleading.  *See* 6A Charles Alan Wright, Arthur R. Miller

& Edward H. Cooper, Federal Practice & Procedure § 1504 (3d ed. 2024)

(amended pleadings "relate to matters that occurred prior to the filing of the

original pleading and entirely replace the earlier pleading").  Because

Hardy's proposed amended complaint does not include all claims or name

all parties, it cannot replace the operative complaint.

The Court **STRIKES** Hardy's filing (ECF No. 46).  Hardy's amended

complaint filed on August 7, 2024 remains the operative complaint (ECF

No. 13).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 15, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2024.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager

4