UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>Defendants. | Case No. 24-cv-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT THE GENESEE COUNTY SHERIFF'S OFFICE AND THE FLINT POLICE DEPARTMENT'S MOTIONS TO DISMISS (ECF NOS. 18, 29) AND TO SUA SPONTE DISMISS OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

## I.    Introduction

Plaintiff Gregory Hardy sues defendants alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments.  ECF No. 13. The Honorable Thomas L. Ludington referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10. Defendants the Flint Police Department (FPD) and the Genesee County Sheriff's Office (GCSO) move to dismiss.  ECF No. 18; ECF No. 29.  The Court **RECOMMENDS** that defendants' motions be **GRANTED** and that the

claims against individual defendants in their official capacities be **SUA SPONTE DISMISSED**.[1]

## II.   Background

In August 2023, Hardy contacted police because his neighbor was armed with a gun.  ECF No. 13, PageID.56.  When police arrived, they went to his neighbor's home.  *Id*.  A John Doe officer then allegedly approached Hardy aggressively, placed his hands behind his back, and detained him in the back of the police car without informing him of his Miranda rights.  *Id*.  Hardy was taken into custody at the GSCO.  *Id*., PageID.56-57.

While in custody, police informed Hardy that he was under arrest for assault with a dangerous weapon.  *Id*., PageID.57.  Hardy claims that several John Doe deputies and Deputy Whitaker, Lieutenant Wallenman, and Sergeant Lipset created a hostile environment for him while he was in jail.  *Id*.  Hardy says that he was forced to sleep on a concrete slab in the cell with no mattress.  *Id*.  When he knocked on the cell glass door to

---

[1] Hardy also moves for leave to amend his complaint.  ECF No. 49; ECF No. 53.  The Court does not address Hardy's amended complaints here because neither complaint changes his allegations against GCSO or FPD nor adds allegations to support a claim for municipal liability.  Instead, the amended complaints merely implicate Hardy's remaining claims against defendants in their individual capacities.

request a mattress to accommodate his back injury, six or seven John Doe deputies "bomb rushed" his cell.  *Id*.  Deputies then allegedly threatened Hardy that they would tase him if he did not allow them to put a restraining suit on him.  *Id*.  Hardy complied.  *Id*.  As the deputies left the cell, Hardy cried out that that the ankle restraints were too tight, but the deputies did not respond.  *Id*.  He continued to cry out in pain all night and "black[ed] out unconsciously," but no one came to assist him.  *Id*.  Hardy remained in restraints until the following morning.  *Id*.

Hardy claims that, once the restraints were removed, he could not walk and he fell repeatedly in the cell injuring his head and arms.  *Id*.  He remained detained for five days without medical care despite his requests for assistance from deputies and nursing staff.  *Id*., PageID.56-58.  When he was released from custody, Hardy called an ambulance and was transferred to the hospital, where he remained for two days.  *Id*., PageID.58.  He was diagnosed with "foot drop" which was allegedly caused by the ankle restraints.  *Id*.  Hardy left the hospital in a wheelchair.  *Id*.

Hardy sues the GCSO, the FPD, and Deputy Whitaker, Lieutenant Wallenman, Sergeant Lipset, a John Doe police officer, and several John and Jane Doe deputies in their individual and official capacities.  *Id*., PageID.58-59.  He alleges that defendants violated his rights under the

3

Fourth, Eighth, and Fourteenth Amendments.  *Id*.  Defendants the GCSO and the FPD move to dismiss Hardy's claims against them under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 18; ECF No. 29.

### III.   Analysis

**A.**

Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id*.  But "[t]hreadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007).

Defendants correctly argue that Hardy's claims against the GCSO and the FPD should be dismissed because neither is an entity subject to suit.  ECF No. 18; ECF No.29.  County departments and agencies are not separate legal entities susceptible to suit.  *See Preciado v. Wayne Co. Sheriff's Dep't. Jail Div.*, No. 07-CV-12453, 2007 WL 2121929, at *1 (E.D. Mich. July 24, 2007) (citing *Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007)) ("It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983.").  Instead, Genesee County and Flint are the proper defendants in Hardy's case.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that police department is not an entity which can be sued, and Jefferson County is the proper

party).  And Hardy's claims against Whitaker, Wallenman, and Lipset in their official capacities must be construed as claims against Genesee County.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").[2]

Construing Hardy's claims as being against Genesee County and Flint would be futile.  Neither Genesee County nor Flint is vicariously liable for a civil rights violation based on the actions of its employees or agents. *Monell,* 436 U.S. 658 at 694.  Instead, to establish municipal liability a plaintiff must "specify a governmental policy or custom from which his injuries flowed."  *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Municipal liability can stem from either official or unofficial policies. "Claims based on official policies must identify the policy, connect the policy to the entity itself, and show that the particular injury was incurred

---

[2] The motions to dismiss do not address the claims against the individual defendants in their official capacities.  *See* ECF No. 18; ECF No. 29.  But the Court must screen Hardy's complaint for frivolous claims because he is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

because of the execution of that policy." *Savoie v. Oliver*, No. 2:23-cv-11357, 2024 WL 1758263, at *3 (E.D. Mich. Apr. 24, 2024) (quoting *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)) (cleaned up).  Hardy does not allege an official policy or custom on the part of Genesee County or Flint.  Instead, he generally alleges an unofficial policy of inaction and the tacit approval of unconstitutional conduct.  To state a claim based on an unofficial policy of inaction, a plaintiff must allege, among other factors, "a clear and persistent pattern of illegal activity" and "notice or constructive notice on the part of the defendant."  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (cleaned up); *Savoie*, 2024 WL 1758263, at *4.

Hardy claims that officers and deputies violated his rights when they arrested him and detained him at the county jail for five days.  ECF No. 13, PageID.56-58.  But he fails to establish a pattern of illegal activity or notice on the part of the county or the city because he does not allege similar incidents involving other victims.  *See Savoie*, 2024 WL 1758263, at *4 (citing *Thomas*, 398 F.3d at 434) ("To show a clear pattern, [a plaintiff] must establish that others were subject to similar deprivations or injuries"); *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (noting that the

7

Sixth Circuit has never found notice of a pattern of misconduct or the pattern itself solely from mistreatment of the plaintiff).

Thus, Hardy's claims against GCSO and the FPD, and his official capacity claims against the individual defendants, should be dismissed.

## IV.    Conclusion

The Court **RECOMMENDS** that the GCSO's and the FPD's motions to dismiss (ECF Nos. 18, 29) be **GRANTED** and that Hardy's claims against individual defendants in their official capacities be sua sponte **DISMISSED**.

<br>

|                                  | s/Elizabeth A. Stafford          |
|----------------------------------|----------------------------------|
|                                  | ELIZABETH A. STAFFORD            |
| Dated: December 22, 2024         | United States Magistrate Judge   |

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 22, 2024.

> s/Davon Allen
> DAVON ALLEN
> Case Manager