UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HARDY,

        Plaintiff,

v.

GENESSE COUNTY SHERIFF'S OFFICE, *et al.*,

        Defendants.
_____/

Case No. 1:24-cv-11270

Honorable Thomas L. Ludington
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING GENESEE COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS; GRANTING FLINT POLICE DEPARTMENT'S MOTION TO DISMISS; AND *SUA SPONTE* DISMISSING OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

In August 2003, after being arrested for assault with a dangerous weapon, Plaintiff Gregory Hardy was detained for five days at the Genesee County Jail in Michigan. ECF No. 1 at PageID.3–4; *see also* ECF No. 13 at PageID.58. Over twenty years later, Plaintiff filed a *pro se* Complaint alleging that, during these five days, the Genesee County Sheriff's Office, the Flint Police Department, and various known and unknown law enforcement officers deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. *See id.* at PageID.3–5.

In his operative Complaint, Plaintiff alleges that, along with unknown officers, "Deputy Whitaker," "[Lieutenant] Wallenman," and "[Sergeant] Lipset" "created a hostile environment." ECF No. 13 at PageID.57 (internal quotations omitted). Plaintiff specifically alleges he "was placed in a cell [with] no mattress" and, when he "knocked on the glass door [of his cell] to retrieve" one, he was "bomb rushed" by "five or six" officers who stated that the jail had a "zero tolerance policy for anyone knocking on the glass door." *Id.* (cleaned up). Plaintiff also alleges

that his ankle restraints were "excessively tight" and that he "cr[ied] out all night for help because he could not feel his legs, but no one came." *Id.* After the restraints were removed, Plaintiff alleges he "was unable to walk" and accordingly fell repeatedly inside his cell, "hitting his head against the concrete." *Id.* Plaintiff requested medical assistance "to no avail." *Id*. at PageID.57–58. Plaintiff avers that, after his release, he "immediately called for an ambulance" and was taken to a nearby hospital where medical professionals diagnosed him with "foot drop" and "nerve damage" in his right ankle because of his restraints. *Id.* at PageID.58.

Construed in a favorable light, Plaintiff's operative Complaint advances four constitutional claims: (1) Fourth Amendment false arrest; (2) Fourth Amendment false imprisonment; (3) Fourth Amendment excessive force; and (4) Eighth Amendment deliberate indifference to an objectively serious medical need. *See id.* Plaintiff seeks $750,000 "[i]n punitive, compensatory, and continuing damages." *Id.* at PageID.59.

This Court granted Plaintiff's request to proceed *in forma pauperis* (IFP) on July 2, 2024. ECF No. 5. On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. ECF No. 10. Less than one month later, Defendant Genesee County Sheriff's Office filed a motion to dismiss for failure to state a claim, arguing that it "is not a cognizable entity with [the] capacity to be sued." ECF No. 18 at PageID.83. Defendant Flint Police Department followed suit and filed a separate Motion to Dismiss on similar grounds. ECF No. 29 at PageID.149 ("City police departments are not separate legal entities against which suit can be directed . . . because a municipal police department is a creature of the municipality, and the real party in interest is the city itself.").

On December 22, 2024, Judge Stafford issued a twofold Report and Recommendation (R&R). ECF No. 55. First, Judge Stafford recommended that this Court grant Genesee County

Sheriff's Office's and Flint Police Department's Motions to Dismiss. *Id.* at PageID.363. Judge Stafford agreed that neither Defendant is "an entity subject to suit" and that "Genesee County and Flint are the proper defendants in [Plaintiff]'s case." *Id.* at PageID.360 (citing *Preciado v. Wayne Co. Sheriff's Dep't. Jail Div.*, No. 07-CV-12453, 2007 WL 2121929, at *1 (E.D. Mich. July 24, 2007); and *Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007)). But, second, Judge Stafford recommended this Court *sua sponte* dismiss these properly construed official-capacity claims for frivolity and failure to state a claim, because Plaintiff' "does not allege an official policy or custom on the part of Genesee County or Flint" as required to hold these municipalities liable under § 1983.[1] *Id.* at PageID.361–63 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). So, if Judge Stafford's R&R were fully adopted, only Plaintiff's claims against the individual Defendants—in their individual capacities—would remain.

In accordance with Civil Rule 72(b), Judge Stafford provided the Parties 14 days to object to the R&R, *id.* at PageID.363–64, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Stafford's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Stafford's thorough R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Elizabeth A. Stafford's Report and Recommendation, ECF No. 55, is **ADOPTED.**

---

[1] Before Judge Stafford issued her R&R, Plaintiff filed two separate motions for leave to amend his operative complaint. ECF Nos. 49; 55. But, as Judge Stafford correctly explained, neither of Plaintiff's proposed amendments "change[] his allegations against [the Genesee County Sheriff's Office] or [Flint Police Department nor add[] allegations to [otherwise] support a claim for municipal liability." ECF No. 55 at PageID.357, n. 1 ("Instead, the amended complaints merely implicate [Plaintiff]'s remaining claims against defendants in their individual capacities.")

Further, it is **ORDERED** that Defendant Genesee County Sheriff's Office's Motion to Dismiss, ECF No. 18, is **GRANTED.**

Further, it is **ORDERED** that Defendant Flint Police Department's Motion to Dismiss, ECF No. 29, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's official capacity claims against all individual Defendants, *see* ECF No. 13, are **DISMISSED.** The only remaining claims concern the individual Defendants, in their individual capacities.

Dated: January 14, 2025  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge