UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HARDY

          Plaintiff,                      Case No. 1:24-cv-11270

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge
GENESSE COUNTY SHERIFF'S OFFICE, *et al.*,

                                                Honorable Elizabeth A. Stafford
          Defendants.               United States Magistrate Judge
_____/

**AMENDED OPINION AND ORDER (1) OVERRULING OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING GENESEE COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS; (4) GRANTING FLINT POLICE DEPARTMENT'S MOTION TO DISMISS; AND (5) *SUA SPONTE* DISMISSING OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

Currently before the Court are Plaintiff Gregory Hardy's two objections to Magistrate Judge Stafford's Report and Recommendation (R&R). As explained below, the first objection is improperly overbroad and the second lacks merit. Accordingly, this Court will adopt the R&R, grant Defendants Genesee County Sheriff's Office and Flint Police Department's motions to dismiss, and *sua sponte* dismiss Plaintiff's official capacity claims for frivolity and failure to state a claim.

**I.**

In August 2023, after being arrested for assault with a dangerous weapon, Plaintiff Gregory Hardy was detained for five days at the Genesee County Jail in Michigan. ECF No. 1 at PageID.3–4; *see also* ECF No. 13 at PageID.58. In May 2024, Plaintiff filed a pro se complaint alleging that, during these five days, the Genesee County Sheriff's Office, the Flint Police Department, and various known and unknown law enforcement officers deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. *See id.* at PageID.3–5.

In his operative Complaint, Plaintiff alleges that, along with unknown officers, "Deputy Whitaker," "[Lieutenant] Wallenman," and "[Sergeant] Lipset" "created a hostile environment." ECF No. 13 at PageID.57 (internal quotations omitted). Plaintiff specifically alleges he "was placed in a cell [with] no mattress" and, when he "knocked on the glass door [of his cell] to retrieve" one, he was "bomb rushed" by "five or six" officers who stated that the jail had a "zero tolerance policy for anyone knocking on the glass door." *Id*. (cleaned up). Plaintiff also alleges that his ankle restraints were "excessively tight" and that he "cr[ied] out all night for help because he could not feel his legs, but no one came." *Id*. After the restraints were removed, Plaintiff alleges he "was unable to walk" and accordingly fell repeatedly inside his cell, "hitting his head against the concrete." *Id*. Plaintiff requested medical assistance "to no avail." *Id*. at PageID.57–58. Plaintiff avers that, after his release, he "immediately called for an ambulance" and was taken to a nearby hospital where medical professionals diagnosed him with "[f]oot [d]rop" and "nerve damage" in his right ankle because of his restraints. *Id*. at PageID.58.

Construed in a favorable light, Plaintiff's operative Complaint advances four constitutional claims: (1) Fourth Amendment false arrest; (2) Fourth Amendment false imprisonment; (3) Fourth Amendment excessive force; and (4) Eighth Amendment deliberate indifference to an objectively serious medical need. *See id*. Plaintiff seeks $750,000 "[i]n punitive, compensatory, and continuing damages." *Id*. at PageID.59.

This Court granted Plaintiff's request to proceed *in forma pauperis* (IFP) on July 2, 2024. ECF No. 5. On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. ECF No. 10. Less than one month later, Defendant Genesee County Sheriff's Office filed a motion to dismiss for failure to state a claim, arguing that it "is not a cognizable entity with [the] capacity to be sued." ECF No. 18 at PageID.83. Defendant Flint Police

Department followed suit and filed a separate Motion to Dismiss on similar grounds. ECF No. 29 at PageID.149 ("City police departments are not separate legal entities against which suit can be directed . . . because a municipal police department is a creature of the municipality, and the real party in interest is the city itself.").

On December 22, 2024, Judge Stafford issued a twofold Report and Recommendation (R&R). ECF No. 55. First, Judge Stafford recommended that this Court grant Genesee County Sheriff's Office's and Flint Police Department's Motions to Dismiss. *Id*. at PageID.363. Judge Stafford agreed that neither Defendant is "an entity subject to suit" and that "Genesee County and Flint are the proper defendants in [Plaintiff]'s case." *Id*. at PageID.360 (citing *Preciado v. Wayne Co. Sheriff's Dep't. Jail Div.*, No. 07-CV-12453, 2007 WL 2121929, at *1 (E.D. Mich. July 24, 2007); and *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007)). But, second, Judge Stafford recommended this Court *sua sponte* dismiss these properly construed official-capacity claims for frivolity and failure to state a claim, because Plaintiff "does not allege an official policy or custom on the part of Genesee County or Flint" as required to hold these municipalities liable under § 1983.[1] *Id*. at PageID.361–63 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)).

So, if Judge Stafford's R&R were fully adopted, only Plaintiff's claims against the individual Defendants—in their individual capacities—would remain. But Plaintiff objected to the R&R on January 14, 2024. ECF No. 57.

---

[1] Before Judge Stafford issued her R&R, Plaintiff filed two motions for leave to amend his operative complaint. ECF Nos. 49; 53. But, as Judge Stafford correctly explained, neither of Plaintiff's proposed amendments "change[] his allegations against [the Genesee County Sheriff's Office] or [Flint Police Department nor add[] allegations to [otherwise] support a claim for municipal liability." ECF No. 55 at PageID.357, n. 1 ("Instead, the amended complaints merely implicate [Plaintiff]'s remaining claims against defendants in their individual capacities.")

II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

III.

Plaintiff first objects to the R&R "in its entirety." ECF No. 57 at PageID.371. This

nonspecific objection will be overruled as improper. *Howard*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]").

Plaintiff's other objection is more specific. Plaintiff does not challenge the R&R's first conclusion—that his claims against the Genesee County Sheriff's Office and the Flint Police Department must be dismissed—and concedes that these Parties "are not legal entities amendable to su[it] under [§] 1983." *See* ECF No. 57 at PageID.371. But Plaintiff objects that the R&R went too far by recommending the *sua sponte* dismissal of the properly construed official capacity claims against Genesee County and the City of Flint. *Id.* at PageID.371–72. Specifically, Plaintiff objects that official-capacity liability may lie against these municipalities if their "final decision-maker[s] ratif[y] the conduct of employees" by "failing to meaningfully investigate and punish allegations of unconstitutional conduct." *Id.* at PageID.372. This objection is legally sound but factually misplaced.

Without question, municipalities may be liable for § 1983 violations under *Monell* when a municipal official with "final decision-making authority" ratifies illegal actions. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014). Indeed, this is just one of four recognized theories of *Monell* liability, all predicated on the idea that municipalities cannot be vicariously liable under § 1983 for the constitutional violations of their employees. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir.2013) ("To properly allege a municipal liability claim, plaintiff must adequately allege (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations.").

The problem for Plaintiff—as the R&R aptly recognized—is that his operative Complaint and the amendments he has sought to file since do not contain any factual allegations which—even accepted as true—would plausibly support *any* theory of municipal § 1983 liability. *See* ECF Nos. 13; 49; 53 at PageID.333–45. Indeed, despite objecting that he has stated a valid "final decisionmaker" claim, Plaintiff's Complaint does not identify any final decisionmakers. *See generally* ECF No. 13. Plaintiff concedes as much, and notes in his objection that, although he alleges individual Defendants Wallenman and Lipset were "supervisory officials," Plaintiff "does not claim that these [D]efendants were final decision-maker[s]." ECF No. 57 at PageID.372. Because the R&R correctly concluded that Plaintiff has not stated any viable official capacity claims, Plaintiff's second objection will be overruled and the R&R will be adopted in full.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 57, are **OVERRULED.**

Further, it is **ORDERED** that Magistrate Judge Elizabeth A. Stafford's Report and Recommendation, ECF No. 55, is **ADOPTED**.

Further, it is **ORDERED** that Defendant Genesee County Sheriff's Office's Motion to Dismiss, ECF No. 18, is **GRANTED**.

Further, it is **ORDERED** that Defendant Flint Police Department's Motion to Dismiss, ECF No. 29, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's official capacity claims against all individual Defendants, *see* ECF No. 13, are **DISMISSED**. The only remaining claims concern the individual Defendants, in their individual capacities.

Dated: January 24, 2025     s/Thomas L. Ludington
                            THOMAS L. LUDINGTON
                            United States District Judge