UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>Defendants. | Case No. 24-cv-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTIONS TO APPOINT COUNSEL (ECF NO. 63, 65) AND DENYING
AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS
(ECF NO. 64)**

Plaintiff Gregory Hardy moves for appointment of counsel. ECF No. 63; ECF No. 65. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is

rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances."  *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Hardy argues that he needs counsel because he has cognitive and physical impairments.  ECF No. 63, PageID.567-568, 578; ECF No. 65, PageID.590-591, 594-596.  These are not exceptional circumstances. Hardy has shown that he is competent to proceed pro se, as his filings are easily understood, with clear arguments and citations to authority.  *See, e.g.*, ECF No. 21; ECF No. 26; ECF No. 63; ECF No. 65.  And his physical limitations have not prevented him from making numerous filings in his two

cases pending before this Court.  *See generally Hardy v. Genesee Cnty. Cmty. Action Resource Dep't*, No. 24-11190 (E.D. Mich.).  Hardy also claims that he needs an attorney to help him obtain discovery.  ECF No. 65, PageID.586.  But discovery has not yet begun, and any discovery dispute can be resolved through motion practice.  For these reasons, Hardy's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Hardy also applies to proceed in forma pauperis (IFP), or without prepaying fees or costs.  ECF No. 64.  Because Hardy's earlier motion to proceed IFP was granted, the Court **DENIES** his second application as moot.  *See* ECF No. 2; ECF No. 5.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 24, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

3

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2025.

                                                 s/Davon Allen
                                                 DAVON ALLEN
                                                 Case Manager