UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

                                    Plaintiff,

v.

WHITAKER, *et al.*,

                                    Defendants.

Case No. 24-cv-11270
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

---

**ORDER STRIKING HARDY'S MOTIONS FOR LEAVE TO AMEND HIS COMPLAINT (ECF NOS. 49, 53), BUT GRANTING HIM LEAVE TO FILE AN AMENDED COMPLAINT CONSISTENT WITH THIS ORDER**

---

**A.**

Plaintiff Gregory Hardy sues a John Doe police officer, several John Doe deputies, Deputy Whitaker, Lieutenant Wallenman, Sergeant Lipset, the Genesee County Sheriff Office, and the City of Flint alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments.  ECF No. 13.  The Honorable Thomas L. Ludington referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.  Hardy moves for leave to amend his complaint.  ECF No. 49; ECF No. 53.  After Hardy filed for leave to amend, Judge Ludington adopted the Court's report and recommendation granting the Genesee County Sheriff's

Office and the Flint Police Department's motions to dismiss and sua sponte

dismissing Hardy's official capacity claims against all defendants.  ECF No.

56.  Hardy's remaining claims are against the remaining defendants in their

individual capacities.

    For the following reasons, the Court **STRIKES** Hardy's motions for

leave to amend but **GRANTS** him leave to file an amended complaint

consistent with this order.

## B.

    Under Federal Rule of Civil Procedure 15(a), leave to amend should

be freely given "when justice so requires."  But a motion to amend "should

be denied if the amendment is brought in bad faith, for dilatory purposes,

results in undue delay or prejudice to the opposing party, or would be

futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).

"A proposed amendment is futile if the amendment could not withstand a

[Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss."  *Rose v.

Hartford Underwriters Ins. Co*., 203 F.3d 417, 420 (6th Cir. 2000).  A motion

to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a

complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The
*Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged."  *Id*.  The
complaint's allegations "must do more than create speculation or suspicion
of a legally cognizable cause of action; they must show entitlement to
relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523,
527 (6th Cir. 2007).

 In deciding whether a plaintiff has set forth a "plausible" claim, the
Court must construe the complaint in the light most favorable to the plaintiff
and accept as true all well-pleaded factual allegations.  *Id*.  But
"[t]hreadbare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and
the Court has no duty to create a claim not spelled out in the pleadings,
*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865,
871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a
more liberal reading than would be afforded to formal pleadings drafted by
lawyers, but such complaints still must plead a plausible claim for relief.
*Davis v. Prison Health Servs*., 679 F.3d 433, 437-38 (6th Cir. 2012);
*Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

3

**C.**

The Court struck Hardy's earlier filings seeking leave to amend his complaint.  ECF No. 40; ECF No. 43; ECF No. 45; ECF No. 51.  Hardy then filed two more motions for leave to amend his complaint that are nearly identical.[1]  ECF No. 49; ECF No 53.

Hardy's filings purport to include a "proposed amendment of complaint" and a "brief in support."  ECF No. 49; ECF No. 53, PageID.333, 337.  In these filings, Hardy seeks to add to his operative complaint without reproducing the entire pleading, which is required by the local rule.  *See* E.D. Mich. LR 15.1 ("A party who moves to amend a pleading, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference") (cleaned up).  In his amended complaint, Hardy alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights.  ECF No. 13, PageID.58.  His proposed amendments allege First Amendment retaliation without again restating the constitution claims that he made in his amended complaint.  ECF No. 49; ECF No. 53.  The Court

---

[1] These filings differ in that ECF No. 49 names the Genesee County Sheriff's department in the case caption, but ECF No. 53 does not, and ECF No. 53 adds objections to this Court's prior order striking Hardy's amended complaint.  Combining his motion and an objection in one document is improper.  Going forward, Hardy must file objections separately from any new motion.

4

will thus strike Hardy's pending motions for leave but grant him leave to file a second amended complaint (SAC) only with claims that are consistent with the remainder of this order.

**D.**

Hardy seeks to reasserts claims against the Flint Police Department and the Genesee County Sherriff's Department.  ECF No. 53, PageID.341-342.  But as Judge Ludington agreed, neither of those defendants is an entity capable of being sued.  *See* ECF No. 56, PageID.366-367.  Hardy may not add either the Flint Police Department or the Genesee County Sheriff's Department to his SAC.

Hardy also proposes to identify Deshawn Perry in place of a John Doe police officer, to add facts to support his Fourth Amendment claims against Perry, and to add a First Amendment retaliation claim against all defendants.  ECF No. 53, PageID.334-335; 338-339.  Hardy's claim that Perry falsely arrested and then falsely imprisoned him in violation of the Fourth Amendment is plausible.  ECF No. 53, PageID.335.  The Fourth Amendment protects against unreasonable searches and seizures.  U.S. Const. amend.  IV.  But it does not distinguish between false arrests and unlawful detentions and instead establishes a singular ban on all pretrial detentions without probable cause, no matter if the detention comes before

or after formal legal process.  *Dibrell v. City of Knoxville, Tenn*., 984 F.3d

1156, 1160-61 (6th Cir. 2021).  Thus, Hardy's claims of false arrest and

imprisonment against Perry merge into one false arrest claim.  *See Walker*

*v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) (holding that claims of false

arrest and imprisonment by police officers are the same when

imprisonment arises out of and logically follows an arrest).

To state a claim for false arrest, Hardy "must plausibly allege that [his

arrest] was unsupported by probable cause."  *Wesley v. Campbell*, 779

F.3d 421, 429 (6th Cir. 2015).  An officer possesses probable cause at the

time of an arrest, when the facts and circumstances within the officer's

knowledge "are sufficient to warrant a prudent man in believing that the

plaintiff had committed or was committing an offense."  *Id*. (citing *Beck v.*

*State of Ohio*, 379 U.S. 89 (1964)) (cleaned up).  Although officers need

not conduct quasi-trials before an arrest, "an officer cannot simply turn a

blind eye towards evidence favorable to the accused or ignore information

which becomes available in the court of routine investigations."  *Id*.

(cleaned up).  Once established, "probable cause provides a complete

defense to a claim of false arrest."  *Halash v. City of Kirtland*, 574 Fed.

App'x 624, 629 (6th Cir. 2014).

6

Hardy says that, since buying his home, he called 911 several times about a neighbor who had a gun, ran a well-known drug house, and repeatedly threatened him. ECF No. 53, PageID.335. He alleges that police diverted many of these calls and failed to assist him. *Id*. But Officer Perry responded to Hardy's call in August 2021. *Id*., PageID.334. When Perry arrived at the scene, Hardy allegedly saw him coming from "the perpetrator's house". *Id*., PageID.335. Then, "without question regarding the whereabouts of the perpetrator's gun, Defendant Perry immediately and aggressively" arrested Hardy. *Id*. Hardy claims that Perry arrested him after two men, including the alleged perpetrator, told Perry that Hardy was a registered sex offender. *Id*. Perry then transported Hardy to jail and allegedly told defendants Deputy Whitaker, Deputy Wallenman, Sergeant Lipset, and others to "finish what he had started." *Id*., PageID.336 (cleaned up). Hardy says that they then treated him poorly in jail by threatening him, placing him in tight ankle restraints for ten hours, and ignoring his requests for medical assistance for five days. *Id*., PageID.343-344.

Perry argues that Hardy fails to state a claim against him because he continues to refer to a "John Doe" officer in the latter part of his filing, rather than naming Perry. ECF No. 52, PageID.327-238. Thus, Perry claims that Hardy fails to allege that he did anything wrong. *Id*. But Hardy does name

7

Perry in some of the factual allegations.  *See* ECF No. 53, PageID.335-336.  Hardy may correct the error of referring to a John Doe in his SAC.  Perry does not otherwise allege that Hardy's complaint is futile, and the Court finds that  he has sufficiently pleaded a claim for false arrest.

Hardy's First Amendment retaliation claim is futile.  To state a plausible retaliation claim, Hardy must allege that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Hardy's] protected conduct."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  For the third factor, "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a claim."  *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010) (cleaned up).

Hardy claims that Perry and Genesee County deputies targeted him because he is a registered sex offender.  ECF No. 53, PageID.334.  But his status as a registered sex offender is not protected conduct.  The First Amendment only protects conduct that is "inherently expressive."  *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 66 (2006).

8

In deciding whether conduct has sufficient communicative elements, courts consider whether "an intent to convey a particular message was present, and whether the likelihood was great that the message would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (cleaned up).

Hardy does not allege that he uses this status as a registered sex offender to express himself or with the intent to convey a particular message. And even if he did, the Court cannot decipher what that message might be. *See Baker v. Schwarb*, 40 F. Supp. 3d 881, 895 (E.D. Mich. 2014) (noting that the relevant inquiry is whether those who view the conduct understand the message that plaintiffs were trying to convey or that there was a message of any sort involved).

And Hardy fails to establish a causal connection between his status as a registered sex offender and any adverse actions taken by defendants. He presents no evidentiary facts to support his claim that defendants retaliated against him because of this status. *See Hill*, 630 F.3d at 476 (finding that although temporal proximity between an exercise of protected conduct and adverse action "provides some support for establishing retaliatory motive, [courts have] been reluctant to find that such evidence alone establishes retaliatory motive.").

9

Whitaker, Wallenman, and Lipset argue that because Hardy was a pretrial detainee, he fails to state a claim under the Eighth Amendment. ECF No. 54, PageID.350, 353.  They are right; the Eighth Amendment's Cruel and Usual Punishment Clause protects inmates who are serving a sentence while the Fourteenth Amendment's Due Process Clause applies to pretrial detainees.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397-401 (2015).  Even so, Hardy did allege a Fourteenth Amendment claim in his amended complaint, and that claim must be evaluated within the framework established for Eighth Amendment cases.  *Miller v. Calhoun Cty*., 408 F.3d 803, 812 (6th Cir. 2005).  Whitaker, Wallenman, and Lipset do not dispute that Hardy has stated a claim for deliberate indifference under that standard.

## E.

The Court thus **STRIKES** Hardy's motions for leave to amend (ECF No. 49; ECF No. 53), but **GRANTS** Hardy leave to file a second amended complaint consistent with this order.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 14, 2025

10

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager
