UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>                    Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>                    Defendants. | Case No. 24-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTIONS TO DISMISS
(ECF NOS. 82, 83)**

Plaintiff Gregory Hardy brings this pro se civil rights action under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments. ECF No. 93. The Honorable Thomas L. Ludington referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10. Defendants moved for involuntary dismissal of Hardy's complaint under Federal Rule of Civil Procedure 41(b) because he repeatedly failed to follow this Court's instructions in orders denying and striking his proposed amended complaints. ECF No. 82, ECF No. 83 (referring to ECF No. 40; ECF No. 43; ECF No. 45; ECF No. 51; ECF No. 55; ECF No. 73; ECF No. 76; ECF

No. 78; ECF No. 79; ECF No. 81).  Defendants' motions to dismiss should be denied.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  Although no one factor is dispositive, bad faith is the preeminent consideration.  *Id.; United States v. Reyes*, 307 F.3d 451,458 (6th Cir. 2002); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).  Dispositive relief is proper against a party who has engaged in

contumacious conduct, perverse resistance of authority, or stubborn disobedience.  *Id.*

Analysis of the *Knoll* factors does not support dismissal here.  For the first factor, at the Court's suggestion during an April 1, 2025 status conference, Hardy sought assistance from the pro se clinic and then filed a revised second amended complaint (SAC), naming DeShawn Perry as a defendant in the place of John Doe.  ECF No. 78; ECF No. 93.  Defendants answered the SAC, and the Court entered a scheduling order.  ECF No. 102; ECF No. 104; ECF No. 109.  Thus, while Hardy was at fault for failing to follow the Court's instructions about amending his complaint, he has not engaged in bad faith, contumacious conduct, perverse resistance of authority, or stubborn disobedience.

Applying the second factor, defendants wasted time moving to strike Hardy's amended complaints, but that prejudice does not justify a dismissal of the SAC. ECF No. 102; ECF No. 104.  As to the third factor, the Court never warned Hardy that he faced dismissal of his complaint, and he cooperated by seeking assistance from the pro se clinic and filing a revised amended complaint.  ECF No. 78, PageID.662; ECF No. 90, PageID.734; ECF No. 93.  Finally, for the fourth factor, Hardy cured the deficiencies in the SAC, so no sanctions are needed.  ECF No. 40.

The Court thus **RECOMMENDS** that the defendants' motions to dismiss (ECF No. 82; ECF No. 83) be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 4, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
