UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HARDY,

        Plaintiff,                      Case No. 1:24-cv-11270

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

WHITAKER, et al.,

                                              Honorable Elizabeth A. Stafford
       Defendants.            United States Magistrate Judge
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
DEFENDANTS' MOTIONS TO STRIKE AND DISMISS**

        In August 2003, after being arrested for assault with a dangerous weapon, Plaintiff Gregory Hardy was detained for five days at the Genesee County Jail in Michigan. ECF No. 1 at PageID.3–4; *see also* ECF No. 13 at PageID.58. Over twenty years later, Plaintiff filed a *pro se* Complaint alleging that, during these five days, the Genesee County Sheriff's Office (GCSO), the Flint Police Department (FPD), and various known and unknown law enforcement officers deprived him of his constitutional rights in violation ofviolating 42 U.S.C. § 1983. *See id*. at PageID.3–5.

        In his first amended Complaint, Plaintiff alleged that, along with unknown officers, GCSO Deputy Whitaker, GCSO Lieutenant Wallenman, and GCSO Sergeant Lipset "created a hostile environment." *See* ECF No. 13 at PageID.57 (internal quotations omitted). Plaintiff specifically alleged that he "was placed in a cell [with] no mattress" and, when he "knocked on the glass door [of his cell] to retrieve" one, he was "bomb rushed" by "five or six" officers who stated that the jail had a "zero tolerance policy for anyone knocking on the glass door." *Id*. (cleaned up). Plaintiff also alleged that his ankle restraints were "excessively tight" and that he "cr[ied] out all night for help because he could not feel his legs, but no one came." *Id*. According to Plaintiff, after the

restraints were removed, he "was unable to walk" and repeatedly fell inside his cell, "hitting his head against the concrete." *Id*. Plaintiff requested medical assistance "to no avail." *Id.* at PageID.57–58. Plaintiff also averred that, after his release, he "immediately called for an ambulance" and was taken to a nearby hospital where medical professionals diagnosed him with "[f]oot [d]rop" and "nerve damage" in his right ankle because of his restraints. *Id*. at PageID.58.

This Court granted Plaintiff's request to proceed *in forma pauperis* on July 2, 2024. ECF No. 5. On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. ECF No. 10. In January 2025, the undersigned adopted Judge Stafford's recommendation and dismissed Defendants GCSO and FPD. *See* ECF Nos. 56; 61. The undersigned also dismissed Plaintiff's official-capacity claims against the remaining individual Defendants because Plaintiff did not plead any facts that would plausibly support § 1983 liability against the municipalities under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). *See id.*

On March 14, 2025, Judge Stafford granted Plaintiff limited leave to amend his Complaint and add a newly identified officer, Deshawn Perry. ECF No. 73. But Judge Stafford rejected Plaintiff's request to "reassert[] claims against" GCSO and FPD. *Id.* at PageID.627. And Judge Stafford found Plaintiff's proposed First and Eighth Amendment claims futile, so the only surviving claim alleged Fourteenth Amendment deliberate indifference. *See id.* at PageID.627–32 (explaining that Plaintiff's deliberate indifference claim is cognizable under the Fourteenth, rather than the Eighth, Amendment because Plaintiff was a pretrial detainee).

Plaintiff then filed his Second Amended Complaint on April 1, 2025. ECF No. 79. But, contrary to Judge Stafford's and the undersigned's orders, his Second Amended Complaint included factual allegations against dismissed Defendants GCSO and FPD, asserted official-

capacity claims against the individual Defendants, and pleaded a First Amendment retaliation claim. *Id.* at PageID.665–69. Moreover, on April 2, 2025, Plaintiff filed yet another *pro se* "request" for leave to file yet another amended complaint to (1) add Defendant Perry—who has already been added—and "Officer Dakota Justice," and (2) add a First Amendment retaliation claim. ECF No. 81.

In response, on April 11, 2025, Defendants Whitaker, Wallenman, and Lipset filed a joint motion to dismiss the case for failure to prosecute under Civil Rule 41. ECF No. 82. That same day, the "John Doe Defendants" followed suit.[1] ECF No. 83; *see also id.* at PageID.712 (noting Plaintiff's prior seven attempts to amend his complaint have been stricken for failure to comply with court orders or the Federal Civil Rules).

On June 4, 2025, Judge Stafford issued a report (R&R) recommending that the undersigned *deny* Defendants' motions to dismiss. ECF No. 110. Analyzing the four applicable "*Knoll* factors," Judge Stafford first explained that Plaintiff has not engaged in bad faith. *Id.* at PageID.850 (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). To the contrary, Judge Stafford noted Plaintiff abided by her suggestion and "sought assistance from [a] *pro se* clinic" before filing his Second Amended Complaint. *Id.* at PageID.850 (emphasis added). Second, Judge Stafford found little prejudice in Plaintiff's conduct, aside from a slight delay. *Id.* Third, Judge Stafford noted that this Court had not yet warned Plaintiff that his case may be dismissed for failure to prosecute. *Id.* And finally, Judge Stafford explained that lesser sanctions were not necessary nor contemplated. *Id.*

---

[1] Based on the title of their motions, Defendants also sought to strike Plaintiff's Second Amended Complaint and *pro se* "request" for leave to file a third amended complaint. *See* ECF Nos. 82; 83. But the substance of their motions did not discuss this relief nor explain their entitlement to it, separate from full-stop Rule 41 dismissal. *See id.*

Judge Stafford provided the Parties 14 days to object, but the Parties did not do so. Thus, they have therefore forfeited their right to appeal Judge Stafford's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The R&R contains no clear error.

Accordingly, it is **ORDERED** that Magistrate Judge Stafford's Report and Recommendation, ECF No. 110, is **ADOPTED**.

Further, it is **ORDERED** that Defendants Whitaker, Wallenman, and Lipset's joint Motion to Strike and Dismiss, ECF No. 82, is **DENIED.**

Further, it is **ORDERED** that the "John Doe" Defendants' joint Motion to Strike and Dismiss, ECF No. 83, is **DENIED.**

**This is not a final order and does not close the above-captioned case**.

Dated: June 27, 2025                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge