UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

WHITAKER, *et al.*,

Defendants.

Case No. 24-cv-11270
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING PLAINTIFF'S MOTIONS
(ECF NOS. 117, 118, 120, 125, 131, 132, 139)**

---

Plaintiff Gregory Hardy sues under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Eighth, and Fourteenth amendments.  ECF No. 93. The Honorable Thomas L. Ludington referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.

Hardy began this litigation by clogging the docket with filings that lacked merit, including several motions to amend or supplement his complaint.  The Court denied or struck almost all those filings.  *See* ECF No. 34; ECF No. 39; ECF No. 40; ECF No. 41; ECF No. 42; ECF No. 45; ECF No. 46; ECF No. 49; ECF No. 51; ECF No. 53; ECF No. 68; ECF No.

69; ECF No. 73; ECF No. 75; ECF No. 78; ECF No. 113.  Trying to get the case on track, the Court held a status conference in April 2025 and solicited the Federal Pro Se Legal Assistance Clinic, headed by Director Barbara Patek, to help him draft an amended complaint.  ECF No. 89. Hardy then successfully filed the operative amended complaint.  ECF No. 93.

But Hardy soon returned to his practice of flooding the docket with motions and other filings, many of them repetitive or unauthorized supplements to motions, including for leave to supplement pleadings, to compel discovery, and to determine the sufficiency of defendants' answers. ECF No. 111; ECF No. 114; ECF No. 117; ECF No. 118; ECF No. 120; ECF No. 125; ECF No. 131; ECF No. 132; ECF No. 139.  And Hardy filed discovery motions despite this Court's order forbidding parties from filing discovery motions without leave of court.  ECF No. 108, PageID.839; ECF No. 125; ECF No. 132.

The Court held another status conference on August 20, 2025 to caution Hardy that he was clogging the docket with repetitive documents that lack legal analysis showing he is entitled to relief.  For example, his requests for the Court to determine the sufficiency of defendants' answers to requests to admit included no legal analysis to guide the requested

2

determination.  *See* ECF No. 125; ECF No. 132.  And Hardy's motions to supplement his complaint included no analysis of how the supplement was allowed under Federal Rule of Civil Procedures 15(d).  *See* ECF No. 117; ECF No. 118.  Hardy apparently expects the Court to supply the legal analysis for him, but requiring a court to "take his factual assertions, and mold them into a plausible legal argument…is beyond the purview of the court's judicial role and can result in subversion of the court's neutrality." ."); *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("Requiring district courts to advise *pro se* litigants…would undermine district judges' role as impartial decisionmakers.

And because Hardy fails to support his requests for relief with legal analysis, he waives any right to the requested relief.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones." (cleaned up)).

Hardy's flood of filings also wastes the Court's and opposing counsels' resources.  "Every paper filed with the Clerk of this court, no

3

matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Hardy's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n. 2 (S.D.Ohio Apr. 27, 2006) (cleaned up).

Thus, as the Court told Hardy during the August status conference, the Court **DENIES** his motions and requests.   ECF No. 117; ECF No. 118; ECF No. 120; ECF No. 125; ECF No. 131; ECF No. 132; ECF No. 139.

Defendants' responses to Hardy's motions include requests for reimbursement of the costs associated with responding to Hardy's filings. ECF No. 119, PageID.973, ECF No.133, PageID.1207; ECF No. 134, PageID.1288; ECF No. 136, PageID.1302-1306.  The Court has discretion to grant those requests.  *See* Fed. R. Civ. P. 37(a)(5)(B) (permitting a court to order fees and costs be paid when motion challenging the sufficiency of an answer is denied); Fed. R. Civ. P. 11(c)(4) (permitting sanctions including fees and costs when a party files a frivolous motion); Fed. R. Civ. P. 26(g) (requiring fees and costs be taxed when a party's certification

4

violates the discovery rule without substantial justification).  But during the August status conference, the Court denied the defendants' requests for reimbursement of their costs.  And without objection from Hardy or defense counsel, the Court contacted Director Patek from the Federal Pro Se Legal Assistance Clinic, who agreed to assist Hardy and to appear at another status conference scheduled for September 10, 2025.  Hardy admitted during the August 2025 status conference that he needed help because he does not know the law.

Yet on September 4, 2025, Hardy sent the Court an email[1] objecting to the clinic's continued assistance, claiming that he can "litigat[e] his own case" and needs no help with responding to defendants' motions.  The Court will address the scope of the clinic's representation of Hardy at the status conference on September 10.  In the meantime, Hardy is **WARNED** that his continued failure to follow procedural rules or orders, and filing of frivolous motions, could result in sanctions, including orders to reimburse defendants and the involuntary dismissal of his complaint.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

---

[1] Hardy did not copy defense counsel when he sent that email.  As the Court warned him already, Hardy may not send ex parte communications for this Court's attention.

5

Dated: September 9, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager