UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>Defendants. | Case No. 24-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ADDRESSING MOTIONS AND
SCHEDULING A HEARING
(ECF NOS. 140, 142, 144, 154, 155, 157, 158)**

Plaintiff Gregory Hardy, proceeding pro se, sues law enforcement officials with the Flint Police Department and the Genessee County Jail under 42 U.S.C. § 1983. ECF No. 1. The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10. Various motions are pending. The Court now **GRANTS** the Genessee County defendants' motion to strike and quash the deposition notice and deposition by written questions of Dr. Muhammed Shamim. ECF No. 140. Other issues will be addressed as outlined below at a hearing on **October 15, 2025, at 3:00 p.m.**

## A.

The Genessee County defendants argued in their motion to strike and quash the deposition notice and deposition by written questions of Dr. Muhammed Shamim that Hardy failed to include their questions in the notice. ECF No. 140; ECF No. 140-2. Though a party may conduct a deposition by written questions, the opposing parties have a right to submit cross-examination questions. Fed. R. Civ. P. 31(a).

Hardy should know that opposing counsel had a right to submit cross examination questions, as the Honorable Stephen J. Murphy addressed the issue in a case filed by Hardy in 2009. "That rule requires that written deposition questions be served not only on the deponent but also on the other parties to the case, Fed.R.Civ.P. 31(a) (3), who are then permitted to submit written cross and recross questions, *id*. R. 31(a)(5)." *Hardy v. Vieta*, No. 02-CV-40255, 2009 WL 2365555, at *2 (E.D. Mich. July 29, 2009). Judge Murphy found that a deposition violated Rule 31(a), reasoning in part that the defendant had no "opportunity to lawfully cross-examine [the witness] on the questions propounded by Hardy." *Id*.

Hardy was ordered to respond to the motion to strike by September 16, 2025, ECF No. 143, but he filed no response. And during a September 10, 2025 status conference, Hardy acknowledged that he did not submit

2

defense counsel's cross-examination questions, though he denied that he had received a copy of them. But the Genessee County's motion to strike includes a copy of its cross-examination questions along with a proof of service stating that the questions were served on Hardy by U.S. mail and email. And because Hardy submitted no affidavit or other proof showing that he did not receive the questions, the Court finds that he violated Rule 31(a) and it quashes the deposition notice and any deposition answers.

## B.

The Genessee County defendants moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 142. On top of responding to the motion, Hardy moved for leave to file a third amended complaint. ECF No. 144; ECF No. 156. These motions raise issues that the parties must be prepared to discuss at the hearing.

A motion under Rule 12(c) is governed by the same standards applicable to a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

As the Genessee County defendants note in their motion under Rule 12(c), the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 899 (6th Cir. 2019) (cleaned up). In Hardy's second amended complaint (SAC), he accuses "5 or 6 others [deputies], mainly Deputy Whitaker, Lt. Wallenman and Sgt. Lipset" of creating "a hostile environment through limited control of its subordinates through their "action(s) and word(s) where [plaintiff] sought to comply." ECF No. 92, PageID.746 (brackets in original). Hardy then describes several actions allegedly committed against him without attributing any action to particular defendants. *Id.*, PageID.746-747. So Hardy did not allege what *each* defendant did to violate his constitutional rights.

Hardy's proposed third amended complaint (TAC) better details the allegations against the Genessee County defendants, but it raises questions about whether the claims against those defendants are properly joined with the claims against Defendant DeShawn Perry and proposed Defendant Dakota Justice, who are officers of the Flint Police Department. The proposed claims against Perry and Justice involve their alleged

5

conduct and false arrest of Hardy after he made an emergency call to the police about a neighbor with a gun. ECF No. 92, PageID.1454-1459. After his arrest, Hardy was transferred to jail, where the Genessee County defendants allegedly used excessively tight restraints on him, causing him physical injuries. *Id.*, PageID.1459-1463.

Defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[I]f the proof of one claim would have no connection with the proof of the other, the claims do not arise out of the same transaction or occurrence." *Harris v. Erdos*, No. 1:21-CV-104, 2022 WL 3053496, at *5 (S.D. Ohio Aug. 3, 2022) (quoting *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, It. v. Alexander*, 414 F.2d 143, 151 (6th Cir. 1969)). In *Price v. City of Elyria*, the court found misjoinder of defendants because, "the claims against the Elyria Defendants concern conduct occurring *before* and *during* the search, whereas the claims against the Lorain County Defendants concern conduct occurring *after* the search. Furthermore, there are no counts in the Second Amended Complaint that are brought against all Defendants collectively."

No. 1:24-CV-1707-PAB, 2025 WL 2733667, at *6 (N.D. Ohio Sept. 25, 2025) (emphasis in original).

Here, Hardy's proposed false arrest claims against Perry and Justice concern conduct *before* and *during* his arrest in Hardy's neighborhood, while the claims against the Genessee County defendants involve conduct that occurred *after* his arrest when he was in jail. Hardy tries to tie all the defendants together in a conspiracy count under 18 U.S.C. §§ 241, 242. ECF No. 144, PageID.1465-1468. But those are criminal statutes that provide no private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir.2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes.").

The Court has the authority to sua sponte sever or dismiss misjoined parties from an action. *See* Fed. R. Civ. P. 21; *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009).

**At the hearing, the parties must be prepared to address:**

1. **Whether Hardy misjoined the defendants in his SAC and TAC;**
2. **If so, whether the remedy should be to sever or dismiss the claims against the Genessee County defendants;**
3. **Whether the TAC states a plausible claim against Justice; and**

### 4. Why Hardy waited until almost October 2025 to move for leave to amend his complaint to add a new defendant.

### C.

Hardy filed a motion for a protective order, a motion for leave to file a protective order, and a duplicative motion for protective order. ECF No. 155; ECF No. 157; ECF No. 158. The Court first notes that the parties no longer need to move for leave to file discovery motions. ECF No. 151, PageID.1502.

Hardy requests that defense counsel be prohibited from inquiring into, disclosing, or using his prior sex-related conviction in discovery or trial. ECF No. 155, PageID.1579. He filed the motion after defense counsel asked a doctor questions about his conviction during a deposition. *See id.*, PageID.1584-1591.

Federal Rule of Civil Procedure 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden." The movant bears the burden of showing good cause for a protective order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot

8

rely on mere conclusory statements." *Id*. (cleaned up). Courts enjoy "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up). In exercising that discretion, a court must balance the competing interests and hardships of the parties. *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

The parties disagree about whether his conviction is admissible under Federal Rule of Evidence 609. But information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The question of whether Hardy's conviction is admissible at trial must be addressed in a motion in limine, not a protective order. *See Wolpert v. Branch Banking Tr. & Co.*, No. 3:19-CV-138-TRM-DCP, 2023 WL 2824900, at *1 (E.D. Tenn. Mar. 1, 2023) (a protective order governs the flow of discovery); *Harwood v. N. Am. Bancard LLC*, No. 18-CV-12567, 2022 WL 2467722, at *3 (E.D. Mich. July 6, 2022) (a motion in limine addresses the admissibility of evidence at trial).

So the question now is whether defense counsel should be forbidden from inquiring into Hardy's conviction or discussing it with witnesses during discovery. Hardy's conviction for first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b(1)(a) is a matter of public record.

*Hardy v. Smith*, No. 1:07-CV-1169, 2008 WL 1780997, at *2 (W.D. Mich. Apr. 16, 2008) (denying Hardy's petition for writ of habeas corpus under 28 U.S.C. § 2254).

**At the hearing, Hardy must be prepared to address whether there is good cause to prohibit defense counsel from inquiring about or disclosing his publicly known conviction during discovery.**

### D.

Hardy moves to compel the Genessee County defendants to produce video surveillance footage from his time in jail in a reasonably usable format. ECF No. 154. He claims that he followed the instructions defense counsel provided for him to view the video but that the video is overlaid with codes, making it unintelligible. Counsel for Genessee County argues that the motion is procedurally improper because the Court denied Hardy's other discovery motions. ECF No. 159. The Court rejects that argument, as the usability of the video has not yet been addressed. And defense counsel has presented no evidence that the video produced for Hardy is usable. If not, the video must be translated into "a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A) (allowing a party to request production of documents or electronically stored information in any medium but, "if

10

necessary, after translation by the responding party into a reasonably usable form."

**By the hearing, counsel for the Genessee County defendants must either produce a new copy of the video surveillance without codes that obscure the images or have an IT specialist present at the hearing to address Hardy's complaints about the quality of the video**.

### E.

The Court ends this order with a warning to Hardy.

At least twice, Hardy improperly suggested that he had a right to object to deposition questions. During his own deposition, he refused to testify about why he was convicted and about the identity of his tenant. ECF No. 141, PageID.1400. Hardy supplied the answers to the questions only after the Genessee County's moved for sanctions. ECF No. 149. And after a doctor's deposition, Hardy emailed the doctor alleging that counsel's questioning violates court rules. ECF No. 155, PageID.1591.

A deponent may refuse to answer a question only to preserve a privilege or to enforce a protective order; relevance is not a proper objection. *Hayse v. City of Melvindale*, No. CV 17-13294, 2018 WL 3655138, at *4 (E.D. Mich. Aug. 2, 2018), *objections overruled*, 2018 WL 4961528 (E.D. Mich. Oct. 15, 2018); *see also* Fed. R. Civ. P. 30(c)(2) ("A

person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)"). Under limited circumstances, a deponent or party may seek a protective order, or move to terminate or limit a deposition. Rule 26(c); Rule 30(d)(3).

**Hardy is warned that more violations of discovery rules may prompt sanctions, up to involuntary dismissal of his complaint.**

## F.

In summary:

The Genessee County defendants' motion to quash (ECF No. 140) is **GRANTED**.

The Court will hold a hearing on **October 15, 2025 at 3:00 p.m.**, during which both parties must address:

1. Whether Hardy's SAC and TAC are misjoined in this action;
2. If not, whether the remedy should be to sever the claim or dismiss the claims against the Genessee County defendants;
3. Whether the TAC states a plausible claim against Justice;
4. Why Hardy waited until almost October 2025 to move for leave to amend his complaint to add a new defendant; and

      5. Whether there is good cause for the Court to prohibit defense counsel from inquiring into Hardy's publicly known conviction.

By the hearing, counsel for the Genessee County defendants must either produce a new copy of the video surveillance without codes that obscure the images or have an IT specialist present at the hearing to address Hardy's complaints about the quality of the video.

Hardy is warned that more violations of discovery rules may prompt sanctions, up to involuntary dismissal of his complaint.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: October 6, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2025.

                                        s/Davon Allen
                                        DAVON ALLEN
                                        Case Manager