UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>　　　　　Defendants. | Case No. 24-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER RESCHEDULING HEARING TIME ONLY IN
RESPONSE TO EMERGENCY MOTION TO ADJOURN
MOTION HEARING
(ECF NO. 164)**

　　Plaintiff Gregory Hardy, proceeding pro se, sues law enforcement officials with the Flint Police Department and the Genessee County Jail under 42 U.S.C. § 1983.  ECF No. 1.  The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.  The Court entered an order addressing various motions and scheduling a motion hearing for October 15, 2025 at 3:00 p.m. ECF No. 162.

　　Defense counsel Barney R. Whitesman has moved to adjourn the hearing, incorrectly referring to it as a status conference.  ECF No. 164.

Whiteman says that he has a time-sensitive meeting on October 15 at 1:00 p.m. with attorneys from the Department of Justice that precludes him attending the "status conference." *Id.*, PageID.1734.  He then states that he will be unavailable for three to twelve weeks because he is having major surgery.  *Id.*

The Court will not adjourn a court hearing for weeks to months because Whitesman has a conflicting meeting with other counsel. Generally, a meeting with other attorneys is not of higher priority than a court scheduled hearing.  Whitesman says that the meeting is time-sensitive, but the same is true in this case.  Discovery closes on November 13, 2025, ECF No. 109, and Whitesman has neither moved to adjourn the discovery deadline nor shown good cause.  Adjourning the hearing may prejudice Hardy's right to discovery before the deadline.  And Whitesman has failed to explain why the meeting is time-sensitive or any effort to move the meeting so that he does not violate the order to appear for the hearing.

The Court will move the hearing time to **October 15, 2025, at 10:00 a.m.**  Whitesman's motion to adjourn is otherwise denied.

**IT IS ORDERED.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 8, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing onOctober 8, 2025.

> s/Davon Allen
> DAVON ALLEN
> Case Manager