UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

WHITAKER, *et al.*,

Defendants.

Case No. 24-11270
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY, FOR A PROTECTIVE ORDER, AND FOR SANCTIONS (ECF NO. 154, 155, 157, 158, 161)**

---

**A.**

In his second amended complaint (SAC), Plaintiff Gregory Hardy, proceeding pro se, sues law enforcement officials with the Flint Police Department and the Genessee County Jail under 42 U.S.C. § 1983.  ECF No. 93.   The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.  Hardy moves to compel discovery, for a protective order, and for sanctions.  After a hearing on October 15, 2025, the Court denies the motions.

**B.**

In his motion to compel, Hardy asked the Court to compel the Genessee County defendants to produce video surveillance footage from his time in jail in a reasonably usable format.  ECF No. 154.  The Court ordered the Genessee County defendants to "either produce a new copy of the video surveillance without codes that obscure the images or have an IT specialist present at the hearing to address Hardy's complaints about the quality of the video."  ECF No. 162, PageID.1721-1722.  At the hearing, Hardy agreed that the Genessee County defendants had produced usable video of the entire period addressed in his complaint.  The Court therefore **DENIES AS MOOT** Hardy's motion to compel.  ECF No. 154.

**C.**

Hardy filed a motion for a protective order, a motion for leave to file a protective order, and a duplicative motion for protective order to forbid inquiry into his sex-related criminal conviction.  ECF No. 155; ECF No. 157; ECF No. 158.  He also moves for leave to file a motion for sanctions based on defense counsel's inquiry into that conviction.  ECF No. 161.  The Court notes that the parties no longer need to move for leave to file discovery motions.  ECF No. 151, PageID.1502.  And the Court denies Hardy's motions for a protective order and for sanctions.

Hardy requests that defense counsel be prohibited from inquiring into, disclosing, or using his prior sex-related conviction in discovery or trial. ECF No. 155, PageID.1579.  Hardy filed his motions for protective order and for sanctions after defense counsel asked a doctor deposition questions about his conviction.  *See id*., PageID.1584-1591.

Federal Rule of Civil Procedure 26(c)(1) allows a party to move for an order to protect him from "annoyance, embarrassment, oppression, or undue burden."  The movant bears the burden of showing good cause for a protective order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (cleaned up).  Courts enjoy "broad discretion to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up).  In exercising that discretion, a court must balance the competing interests and hardships of the parties.  *Am. Gen. Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

The parties disagree about whether Hardy's conviction is admissible under Federal Rule of Evidence 609.  But information "need not be

3

admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Whether Hardy's conviction is admissible at trial must be addressed in a

motion in limine, not a protective order. *See Wolpert v. Branch Banking Tr.*

*& Co.*, No. 3:19-CV-138-TRM-DCP, 2023 WL 2824900, at *1 (E.D. Tenn.

Mar. 1, 2023) (a protective order governs the flow of discovery); *Harwood*

*v. N. Am. Bancard LLC*, No. 18-CV-12567, 2022 WL 2467722, at *3 (E.D.

Mich. July 6, 2022) (a motion in limine addresses the admissibility of

evidence at trial).

So the question now is whether defense counsel should be forbidden

from inquiring into Hardy's conviction or discussing it with witnesses during

discovery. Hardy's conviction for first-degree criminal sexual conduct

under Mich. Comp. Laws § 750.520b(1)(a) is a matter of public record.

*Hardy v. Smith*, No. 1:07-CV-1169, 2008 WL 1780997, at *2 (W.D. Mich.

Apr. 16, 2008) (denying Hardy's petition for writ of habeas corpus under 28

U.S.C. § 2254). And "[d]uring the hearing, the Court emphasized the

breadth of discovery and that filing a lawsuit requires plaintiffs to disclose

*private information*." *Brewer v. Detroit Pub. Sch.*, No. CV 17-11364, 2020

WL 6390496, at *1 (E.D. Mich. July 10, 2020), *adopted*, 2020 WL 5793256

(E.D. Mich. Sept. 29, 2020), *aff'd,* No. 20-2068, 2021 WL 8314815 (6th Cir.

Dec. 13, 2021). Given that the discovery rules ordinarily permit inquiring

into a plaintiff's *private information*, the Court sees no ground to prohibit defense counsel from inquiring into his *publicly known* conviction, especially when that conviction may be admissible at trial.

The Court therefore **DENIES** Hardy's motions for protective order and for sanctions.  ECF No. 154; ECF No. 155; ECF No. 157; ECF No. 158; ECF No. 161.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated:  October 20, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager