UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>                    Plaintiff,<br><br>v.<br><br>WHITAKER, *et al.*,<br><br>                    Defendants. | Case No. 24-11270<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING MOTION FOR RECUSAL**
**(ECF NO. 181)**

Plaintiff Gregory Hardy, proceeding pro se, sues law enforcement officials with the Flint Police Department and the Genessee County Jail under 42 U.S.C. § 1983. ECF No. 1. The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10. Hardy now moves for the undersigned to recuse herself because of alleged personal bias or prejudice. ECF No. 181. His motion for recusal lacks merit.

A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001); *Burley v. Gagacki*, 834 F.3d

1

606, 616 (6th Cir. 2016). Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceeding themselves. *Wheeler,* 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id*. (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1965)).

Hardy's claims of bias emanate entirely from the proceedings themselves. He alleges that the Court has made errors, has been rude to him, and looked at him sadistically. ECF No. 31. These allegations fail to show that recusal is warranted.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion…. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

2

> They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible…. *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (emphasis in original).

Hardy alleges that the Court has engaged in a pattern of hostility, but the record shows that the Court solicited the Federal Pro Se Legal Assistance Clinic to help him prosecute his case and entered orders to ensure that he obtained usable video evidence during discovery.  ECF No. 146, PageID.1480; ECF No. 162, PageID.1721-1722; ECF No. 166, PageID.1746.  Hardy rejected the help of the clinic despite admitting during an August 2025 status conference that he needed help because he did not know the law.  ECF No. 146, PageID.1483.  And despite Hardy's pattern of clogging the docket with meritless motions, the Court has denied defendants' repeated requests for reimbursement of costs associated with those filings.  *See* ECF No. 146, PageID.1481-1482.

The Court thus **DENIES** the motion for recusal.

Dated: November 4, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

3

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager