UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

WHITAKER, *et al*.,

Defendants.

Case No. 24-11270
Honorable Thomas L. Ludington
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING**
**PLAINTIFF'S MOTIONS TO STRIKE**
**(ECF NOS. 196, 197)**

---

In his second amended complaint (SAC), pro se Plaintiff Gregory Hardy sues law enforcement officials with the Flint Police Department and the Genessee County Sheriff's Department under 42 U.S.C. § 1983.  ECF No. 93.

In October 2025, after briefing ended, this Court issued a report and recommendation (R&R) to grant the Genesse County defendants' motion for judgment on the pleadings (MJOP).  ECF No. 180.  Hardy now moves to strike the Genesee County defendants' motion and supporting exhibits under Federal Rule of Civil Procedure 12(f).  ECF No. 197, PageID.2173 ("The Court may strike from a pleading any redundant, immaterial,

1

impertinent, or scandalous matter.").  He again cites Rule 12(f) in his motion to strike portions of Defendant DeShawn Perry's brief and exhibits in response to his (Hardy's) summary judgment motion.  ECF No. 196, PageID.2159, 2161.  These motions are frivolous.

Under Rule 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The rule permits striking only "material that is contained in a pleading" as defined by Federal Rule of Civil Procedures 7(a).  *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006).  Neither a response brief nor its supporting exhibits are "pleadings" under Rule 7(a).  *Lopez v. Trans Union LLC*, No. 25-12733, 2025 WL 2976840, at *2 (E.D. Mich. Oct. 17, 2025) ("A response brief is not a 'pleading' as defined under Rule 7(a)."); *Fox,* 174 F. App'x at 375 ("Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed.R.Civ.P. 7(a).").  Thus, Hardy's motions to strike defendants' motion, response, and exhibits are frivolous.

Hardy's request that the Court strike the Genessee County defendants' MJOP is especially ludicrous.  He filed that motion more than a month after the Court recommended that the MJOP be granted.  ECF No. 180; ECF No. 197.  Before issuing the R&R, Hardy had responded to the

MJOP and the Court held a hearing.  ECF No. 144.  Hardy then filed

objections to the R&R.  ECF No. 185.  No rule allows Hardy to make a third

stab at defeating the MJOP by trying to have it stricken at this juncture.

The Court thus **DENIES** Hardy's motions to strike.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 23, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a

magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the

magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager