UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY HARDY,

            Plaintiff,                       Case No. 1:24-cv-11270

v.                                            Honorable Thomas L. Ludington
                                            United States District Judge
WHITAKER, et al.,

                                            Honorable Elizabeth A. Stafford
            Defendants.               United States Magistrate Judge
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DENYING AS MOOT DEFENDANT LIPSET, WALLENMAN, AND WHITAKER'S MOTION TO DISMISS, (4) REJECTING JUDGE STAFFORD'S OCTOBER 20, 2025 REPORT AND RECOMMENDATION AS MOOT, (5) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (6) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF FILING, (7) DENYING AS MOOT DEFENDANT PERRY'S MOTION FOR LEAVE TO FILE A DIGITAL RECORDING, (8) DENYING AS MOOT PLAINTIFF'S "OMNIBUS" MOTION TO CONSOLIDATE CASES, AND (9) ENJOINING PLAINTIFF**

      This case stems from a seemingly straightforward set of facts involving the alleged false arrest of Plaintiff Gregory Hardy and subsequent alleged mistreatment while incarcerated at the Genesee County Jail. On April 25, 2025, after a year of litigation, Plaintiff filed a *pro se* Amended Complaint. In it, he alleged (1) a count for a violation of his Fourth Amendment right due to false arrest under 42 U.S.C. § 1983 against Defendant Deshawn Perry, and (2) a count for a violation of his Fourteenth Amendment Due Process rights due to excessive force, also under 42 U.S.C. § 1983, against the "Genesee County Defendants": Defendants Deputy Whitaker, Lieutenant Wallenman, and Sargeant Lipset.[1]

---

[1] The Amended Complaint does not provide the first names of the Genesee County Defendants.

On August 6, 2024, the Court referred all matters for this case to Magistrate Judge Elizabeth A. Stafford. On January 12, 2026, Magistrate Judge Stafford filed a report (R&R) recommending dismissal of Plaintiff's Amended Complaint under Rule 41(b). On January 21, 2026, Plaintiff timely objected to Magistrate Judge Stafford's R&R and then objected again, this time untimely, on February 10, 2026. As explained below, the R&R will be adopted, Plaintiffs' Objections will be overruled, Plaintiff's Amended Complaint will be dismissed, the seven remaining motions filed by both Plaintiff and Defendants will be denied as moot, and Plaintiff will be enjoined from further filing in federal court.

## I.

### A.

While the facts of the case jump from arrest to detention, they remain straightforward. The case starts on August 7, 2023, with Defendant Perry—an officer for the City of Flint, ECF No. 93 at PageID.756 —responding to a 9-1-1 call made by Plaintiff concerning a "man with a gun." *Id.* Plaintiff claims he was first seen by Defendant Perry returning from a house located at 422 W. Austin Avenue in Flint, which Plaintiff contends was the "[a]ssailants' [h]ouse." *Id.* He contends that the gunman was the stepson of one of the people at the assailant's house: Tony Howard, whom Plaintiff alleges manufactures and distributes crack cocaine. *Id.* at PageID.758. Defendant Perry allegedly asked the members of the assailants' house, "who is that out here with a gun?", to which they pointed Defendant Perry to another house, 430 E. Austin Avenue, which is Plaintiff's address. *Id.* at 756.

Plaintiff alleges that Defendant Perry took an "aggressive approach" to his house and took no further action to investigate whether there was a gun at the assailant's house. *Id.* Defendant Perry told Plaintiff to put his hands behind his back but also let him know that he was "not under

arrest but was just being detained." *Id.* at PageID.757. Plaintiff alleges that he was then placed into the backseat of Defendant Perry's squad car "without any cause." *Id.* Plaintiff alleges that he requested medical attention because he had begun hyperventilating "from being twisted in [the] restraints" and because he was "unable to move because he was fearful" due to the fact that he felt that he had not been told "why he was being arrested." *Id.*

Plaintiff alleges that, seemingly at some point after he was placed in Defendant Perry's squad car, the members of the assailant's house "gave conflicting statement(s)" and declined to press charges. *Id.* Despite this, and the fact that Plaintiff was never armed or brandished any weapons, *id.* at PageID.758, Plaintiff states that he was still arrested. *Id.* at PageID.757. Plaintiff claims that he attempted to inform Defendant Perry about the harassment he experienced at the hands of people at the assailant's house, including repeated threats—some of which seemingly involved the use of guns, "making offers of protection," intimidation, and even a shooting involving Plaintiff's dog. *Id.* at PageID.758–59. But he was still arrested.

As a result of his arrest, Plaintiff was brought to the Genesee County Jail. *Id.* at PageID.760. It was inside the jail, Plaintiff claims, that the Genessee County Defendants "created a hostile environment through aggressive, unwarranted and excessive forceful actions."[2] *Id.* Allegedly, the uses of excessive force included: (1) a threat of tasing after Plaintiff knocked on a glass door seeking a mattress, (2) being forced to remain in a "[w]rap suit" for 10-12 hours, (3) placing him in leg restraints, which Plaintiff allegedly told the Genessee County Defendants were too tight, but of which nothing was done, (4) that he was treated "completely differently" from other inmates,

---

[2] Notably, it is unclear from Plaintiff's Amended Complaint which of the Genessee County Defendants are accused of committing which acts of excessive force. *See* ECF No. 93 at PageID.760–62.

- 3 -

(5) that he "would cry out all night because he could not feel his legs" due to the tight leg restraints, which he claims eventually made him go unconscious, and (5) that the leg restraints impacted his ability to walk in the days following their removal, causing him to fall within the jail. *Id.* at PageID.760–62.

On August 12, 2023, Plaintiff was released from custody and went to the McLaren Hospital in Flint. *Id.* at PageID.762. There, he allegedly received medical test results which "showed that [Plaintiff's] injuries were the result of the excessively tight ankle restraints," and he was diagnosed with "Foot Drop." *Id.*

**B.**

On May 14, 2024, Plaintiff filed his original Complaint. ECF No. 1. And on August 6, 2024, the Court referred this case and all matters to Magistrate Judge Stafford. ECF No. 10. But after the referral followed a dizzying number of motions before Plaintiff was finally allowed to amend his complaint for the last time on April 25, 2025. ECF No. 93. The operative Complaint alleges (1) a violation of his Fourth Amendment rights due to false arrest under 42 U.S.C. § 1983 against Defendant Deshawn Perry, *id.* at PageID.765, and (2) a violation of his Fourteenth Amendment Due Process rights due to excessive force, also under 42 U.S.C. § 1983, against the Genesee County Defendants, *id.* at PageID.767.

Since the filing of his Amended Complaint, both Plaintiff and Defendants have filed several pending motions. These motions are represented in the following chart:

| Motion | Filer | Pending Report and Recommendation |
|---|---|---|
| Motion to Dismiss (ECF No. 142) | Genesee County Defendants | Yes (ECF No. 180) |
| Motion for Summary Judgment (ECF No. 192) | Plaintiff | No |
| Motion for Leave to File Notice of Corrected Reply Brief (ECF No. 206) | Plaintiff | No |
| Motion for leave to File Digital Recording (ECF No. 207) | Defendant Perry | No |
| Motion for Summary Judgment (ECF No. 210) | Defendant Perry | No |
| Omnibus Motion to Consolidate Cases (ECF No. 218) | Plaintiff | No |

On January 12, 2026, Magistrate Judge Stafford submitted an R&R recommending this Court dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 41(b), with

prejudice, and enjoin Plaintiff from filing new actions in federal court. ECF No. 211 at PageID.2385. Under Civil Rule 72, Judge Stafford provided all parties 14 days to object to the R&R., *id.* at PageID.2414, and Plaintiff did so in a timely manner, *see* ECF No. 213. But then Plaintiff filed yet another set of objections, which were untimely. ECF No. 221.

## II.

A party may object to and seek review of a R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

## III.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED.

R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court adopts the R&R, then it may simply "state that it engaged in a de novo review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (*Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Amended Complaint, ECF No. 93, Plaintiff's Objections, ECF No. 213, Defendant Perry's response to Plaintiff's Objections, ECF No. 214, Plainittiff's Reply to Defendant Perry's Response, ECF No. 217, and Plaintiff's untimely filed Objections, ECF No. 221; as well as all other applicable filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Stafford's factual conclusions and legal reasoning are correct. For these reasons, Plaintiffs' Objections will be overruled, and the Magistrate Judge's recommendations will be adopted.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF Nos. 213, 221, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Stafford's Report and Recommendation, ECF No. 211, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 93, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED**, that the Genessee County Defendants' Motion to Dismiss, ECF No. 142, Magistrate Judge Stafford's R&R, ECF No. 180, Plaintiff's Motion for Summary Judgment, ECF No. 192, Plaintiff's Motin for Leave to File Notice for a Corrected Reply Brief, ECF No. 206, Defendant Perry's Motion for Leave to File a Digital Recording, ECF No. 207, Defendant perry's Motion for Summary Judgment, ECF No. 210, and Plaintiff's Omnibus Motion to Consolidate Cases, ECF No. 218, are all **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff is **ENJOINED** from filing any new federal actions in the Eastern District of Michigan without obtaining leave of court, and any action filed without leave be stricken.

Further it is **ORDERED** that to obtain leave to file a new action Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint; attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746, or a sworn affidavit, certifying that his complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith; identify and list in a second exhibit: (1) the full caption of every suit which has been previously filed by him or on his behalf in any court against every defendant in the suit that he wishes to file, and (2) the full caption of every suit which he has currently pending; (3) provide, in a third exhibit, a copy of each complaint covered by the preceding section and a certified record of its disposition, and he must serve a copy of this order on each defendant if leave to file is granted; (4) and attach the order granting the permanent injunction to any new action that he may file in any court.

Further, it is **ORDERED** that this injunction does not impair Plaintiff's ability to defend himself in any criminal action.

Further, it is **ORDERED** that the Court retains jurisdiction to modify this injunction as necessary where circumstances may change.

- 9 -

**This is a final order and closes the case.**

Dated: March 2, 2026

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge for
Thomas L. Ludington
United States District Judge