UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>WHITAKER, et al.,<br><br>Defendants. | Case No. 24-cv-11270<br><br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER (1) GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ORDER ALL TRANSCRIPTS FOR APPELLATE REVIEW AND (2) DENYING PLAINTIFF'S REQUEST TO FURNISH TRANSCRIPTS AT THE GOVERNMENT'S EXPENSE**

Plaintiff Gregory Hardy has appealed the judgment and order adopting Magistrate Judge Elizabeth A. Stafford's report and recommendation, both entered by the Honorable Stephen J. Murphy III on March 2, 2026. (ECF No. 225; *see also* ECF Nos. 223-224). Defendants now move to compel Hardy to order all transcripts for appellate review (ECF No. 229), and Hardy seeks to furnish transcripts at the government's expense (ECF No. 231).

Federal Rule of Appellate Procedure 10(b)(1) "imposes on the appellant the duty to order trial transcripts" for appellate review. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). The appellant must order all transcripts he or she "considers

necessary" for review of the issues on appeal within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion, whichever is later. Fed R. App. P. 10(b)(1), (b)(1)(A). "Once the appellant advises the appellee of the requested transcription, the appellee may serve on the appellant additional parts to be ordered." *Bell v. City of Philadelphia*, No. 05-4433, 2006 WL 2987782, at *1 (E.D. Pa. Oct. 17, 2006). "If the appellant fails to order the parts designated by the appellee, the appellee may 'move in the district court for an order requiring the appellant to do so.'" *Id.* (quoting Fed. R. App. P. 10(b)(3)(C)).

Hardy indicates that he identified 13 issues in his opening brief before the Sixth Circuit, "including (1) Judicial bias/poisoning of the record at the September 10th, 2025, hearing; (2) failure to conduct a de novo review of Body-Worn Camera (BWC) evidence under Hill v. Duriron; and (3) The premature entry of summary judgment based on a fraudulent record." (ECF No. 230, PageID.2543). To this end, Hardy "has designated the transcripts for the [September 10, 2025] hearing and eight to ten critical ECF orders" for appellate review. *Id.*

Defendants claim that the transcript from the September 10, 2025 status conference fails to capture all of the relevant proceedings in this case as it relates to Hardy's allegations of judicial bias on appeal. (ECF No. 229, PageID.2539). The Court agrees. Although Hardy contends that the transcript from the September 10, 2025 status conference is the "smoking gun" of judicial bias (ECF No. 230,

PageID.2545), the Sixth Circuit would be deprived of meaningful review of Hardy's allegations without the ability to review the proceedings leading up to the September 10, 2025 status conference and, ultimately, the magistrate judge's report and recommendation. *See Reape v. Berrios*, 514 F. App'x 25, 2013 WL 978948 (2d Cir. Mar. 14, 2013) (summary order dismissing a pro se appeal for failure to provide "relevant transcripts," explaining that it "deprives [the circuit court] of the ability to conduct meaningful appellate review").

Hardy must therefore order transcripts from the following proceedings for the Sixth Circuit's review: April 1, 2025; April 30, 2025; May 13, 2025; August 7, 2025; August 12, 2025; August 20, 2025; and October 15, 2025.

As for whether Hardy is entitled to furnish the transcripts at the government's expense, 28 U.S.C. § 753(f) is instructive. That statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The Sixth Circuit has long explained that "[a] motion for a transcript at government expense cannot be granted unless the court certifies that the appeal raises a substantial question. A substantial question is one that is reasonably debatable. The motion should be granted only where the case presents unusual circumstances or where a new principle of law is involved." *Wilson v. Morris*, 52

F.3d 327 (Table), 1995 WL 154991 at *1 (6th Cir. Apr. 6, 1995) (internal citations omitted); *Mitchell v. Voss*, 863 F.2d 49 (Table), 1998 WL 124373 at *1 (6th Cir. Nov. 22, 1988) (transcripts should be furnished at the government's expense only in "exceptional circumstances").

Hardy's appeal has not been certified as nonfrivolous. And Hardy has not shown that the issues he raises on appeal are "exceptional" and "substantial" as to warrant transcripts to be furnished at the government's expense. Hardy also cites his *in forma pauperis* status and Federal Rule of Appellate Procedure 10(b)(4) in an attempt to shift his burden to pay for the additional transcripts onto defendants. (ECF No. 233, PageID.2564). But neither displaces the requirement that Hardy, as the appellant, must pay for the transcripts. *See LeClair v. Raymond*, No. 1:19-cv-28 (BKS/DJS), 2022 WL 7008279, at *3 (N.D.N.Y. Oct. 12, 2022) (denying an IFP litigant's request to shift the burden of transcript costs after citing Rule 10(b)(1) and (b)(3)(C)).

* * *

For the reasons given, the Court ORDERS that the Defendants' motion to compel Hardy to order the remaining transcripts for appellate review (ECF No. 229) is GRANTED.

IT IS FURTHER ORDERED that Hardy's request to furnish transcripts at the government's expense (ECF No. 231) is DENIED.

Dated: September 29, 2026

s/Robert J. White
Robert J. White
United States District Judge